### MORGAN & AL. vs: THEIR CREDITORS.

APPEAL from the court of the first district.

PORTER, J. delivered the opinion of the court.

Chandler Price, the obligee of a bond execu-

Where trustees are appointed in a country governed by the common law, to receive in-

Eastern Dis.
January 18:8

MOR**AN** &
AL:
vs.
THEIR CRE-
DITORS.

terest on a
bond & pay
it over to a
*cestuy que*
*trust.* and the
obligor fails:
the trustees
have autho-
rity to lend
the money
out to others.

t d by the late Benjamin Morgan, due the first day of January, 1824, and bearing interest at the rate of six per cent. payable annually, by deed executed the 20th of September, 1825, at Philadelphia, in the state of Pennsylvania, declared " that in consideration of natural love and affection to my daughter Sarah Price Rose, I assign said bond to William E. Hulings and Joseph Reed; and in case of the death of either, or any other person to be appointed as hereafter mentioned, then to such person, and the survivor, as he the survivor shall appoint; *in trust,* for the sole and separate use of my said daughter, Sarah Price Rose; the interest to be paid to her during her life time, and her receipt alone to be sufficient, and on her death to such person as she, by any paper in the nature of a will, shall nominate," &c. &c.

Since the creation of this trust, an event, most probably not anticipated at the time it was made, has occurred, namely, the failure of the obligor. By the laws of this country, the note becomes due and demandable at once, and the trustees named in the deed already set out, have obtained payment of it as they state, by a transaction of which the following instrument is the evidence:

Eaᶜᵗern Dis.
Jaᵘary1828

MoᴿᴳᴬN &
AL.
vs.
THEIᴿ CRE
TORS.

" For and in consideration of the sum oᶠ sixteen thousand eight hundred and thirty dol- lars and five cents, the principal and interest of the bond, of which the within is a copy, and the original now in possession of the syndics of the estate of Benjamin Morgan; received in the note of Thomas A. Morgan, secured by a mortgage from him on the premises, late the estate of Benjamin Morgan deceased, purcha- sed by the said Thomas A. Morgan from the syndics thereof, which said note is accepted by us in full payment and entire satisfaction of this bond; we do hereby assign, transfer, and set over unto the said Thomas A. Morgan, the said bond, and all the monies due, and to be- come due, thereon."

At the foot of this instrument is one executed by the person for whose benefit the trust was created, in the following words: " I acknow- ledge to have received of Thomas A. Morgan, the full amount of interest due on the bond of which the within is a copy, and the original now in the possession of the syndics of Ben- jamin Morgan's estate; and hereby assign over to him all my interest in the same."

The appellee took a rule on the appellants, in the district court, requiring them to give up

Eastern Dist. to him the note of the insolvent already men-
January 1828
tioned, and three others similarly circumstan-
MORGAN &
AS.
*vs.*
THEIR CRE-
TORS.
ced. They objected to do so, and after argu-
ment the court decided that the appellee had
a right to receive them. From this judgment,
the syndics have appealed.

The only question presented to the court, is
whether this transfer, by the trustees to the ap-
pelee, of the note, is a legal exercise of the pow-
ers vested in them by the deed of trust.

Two objections have been suggested to its
correctness. *First*—that by the terms of the
deed, the power of the trustees is limited to re-
ceiving the interest due on the bond, and no
authority is conferred on them to collect the
principal. *Second*—that if they have the
power to collect the principal, they have no
authority to exchange the notes in the insol-
vent's estate for those of any other individual.

As these objections are both founded on the
idea of there being a necessity for a strict and
literal performance of the trust, they may be
considered together.

As the deed was executed in a country gov-
erned by the common law, and the assignment
to the appellant was made there, the case must
be examined in relation to that system of juris-

prudence. As we are not familiar with it, we have had some diffidence in coming to a conclusion.

Eastern Dis.
*January* 1828

MORGAN &
AL.
*vs.*
THEIR CRE-
DITORS.

If the effect of the assignment was considered under the strict rules of the common law, there could be no question as to its validity, for the legal title is vested in the trustees, and they have passed it away. But the severity of that system has compelled the countries governed by it, to throw the whole controul and jurisdiction of trust estates into their courts of equity. These courts, with some aid from the legislature, have established, in relation to this subject, a system of rational jurisprudence by which trusts are made to answer all the beneficial objects society can receive from them. 7 *Bac. ab.* 136. 2 *Black Com.* 337.

The first and most important of their rules is to give effect to the intention of the creator of the trust, if it be possible. To accomplish this they look more to a substantial, than to a strict or formal performance of the duty imposed on the trustee. If an unforeseen event, which the party did not contemplate, arises, they will interfere so as to carry into effect the general intention. And it seems, though the rule is not clearly established, that whatever a trustee

Eastern Dis.
January 1828

MORGAN & AL.
vs.
THEIR CRE-
DITORS.

would be compelled to do by suit, he may do without it. *2 Fonblanque's equity,* 13, *2 chap.* 7, § 2. *Ibid, chap.* 8, § 4. *3 Bro. Ch. Rep.* 60. *2 Vernon,* 137. 1 *Bunbury* 136. 2 *Freeman* 42. 2 *Ch. Cas.* 16. *Sugden on Powers,* 445 & 446. 2 *Eq. cases abr.* 668. 6 *Vesey, jr.* 793.

The application of these principles to a great variety of cases, may be found in the English books. Those most analogous to that before the court, are collected in *Bacon's Abridgment, vol.* 7, 183; and the rule extracted from them is, " that where a trustee sells out stock contrary to the trust, the *cestui que trust* may elect to have the stock restored, or the produce of it paid. But if a trustee for the benefit of the trust estate, sells out of one fund and invests the produce in another, or transfers the money from one real security to another, the property continues unaltered, and he shall not be chargeable.

In the case before the court, the intention of the creator of the trust was, that his daughter should receive the interest on a certain sum of money, for the period therein mentioned, and at the expiration of it the principal. An unforeseen event has rendered it impossible for

the interest to be collected in the manner indi- cated in the deed. The duty of the trustees, therefore, looking to the general intent, is, to provide a remedy against the occurrence, by putting the money out at interest somewhere else. This they could be compelled to do by the *cestuy que trust*, and we have little doubt they may do so without compulsion. In exercising this power, the law requires a sound and honest discretion; and the extent to which they have used it here, seems as well sanctioned by authority, as it is by the reason of the thing. Whether they discharge the duty now devolved on them, by collecting the money from the insolvent's estate, and then lending it out, or by exchanging the notes of the bankrupt for those of another man, against whose solvency, and ultimate responsibility, no doubt has been expressed, is a difference in the mode, but not in the end.

But, admitting the principles on which this opinion has been just expressed, are erroneous, or that we have drawn unsound conclusions from them, the approbation of the *cestuy que trust* clearly renders the transaction valid. She is not shewn to be under any disability arising from minority or other cause; and

Eastern Dist.
January 1828

MORGAN &
AL.
vs.
THEIR CRE-
DITORS.

though at law she has neither *jus in re*, nor *jus ad rem*, yet in equity she has both: she has *jus habendi*, and *jus disponendi*, and her assent cures any defect that might otherwise exist in the power the trustees have exercised. 7 *Bac. ab.* 180, 185.   3 *Atk.* 444.

It is therefore ordered; adjudged and decreed, that the judgment of the district court be affirmed with costs.

*Eustis* for the plaintiffs—*Hennen* for the defendants.